**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lloyd Lash, Appellant,

v.

Seneca Police Department, Respondent.

Appellate Case No. 2014-002296

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2017-UP-314
Submitted June 1, 2017 – Filed July 26, 2017

**AFFIRMED**

Elizabeth Anne Franklin-Best, of Blume Norris & Franklin-Best LLC, of Columbia; and E. Charles Grose, Jr., of Grose Law Firm, of Greenwood, both for Appellant.

James D. Jolly, Jr. and Stacey Todd Coffee, both of Logan Jolly & Smith, LLP, of Anderson, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S. Glass & Plastics Co. v. Kemper*, 399 S.C. 483, 490, 732 S.E.2d 205, 208-09 (Ct. App. 2012) ("When reviewing the grant of a summary judgment

motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) ("[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." (quoting *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965))); *id.* ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause."); *id.* at 436, 629 S.E.2d at 649 ("Probable cause means 'the extent of such facts and circumstances as would excite the belief in a reasonable mind acting on the facts within the knowledge of the prosecutor that the person charged was guilty of a crime for which he has been charged . . . .'" (quoting Parrott, 246 S.C. at 322, 143 S.E.2d at 609)); *id.* at 436-37, 629 S.E.2d at 649 (holding in an action for malicious prosecution, a true bill of indictment is prima facie evidence of probable cause).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.